# Dutton v. Berry

322

*Nicole D. Berry*, pro se appellant.
*Geoffrey L. Haye*, for appellees.

TUCKER, *J.*, September 5, 2013—

## I. Facts and Procedural History

Larry Dutton and Steven Lee (hereinafter referred to as "appellees") are the owners of real estate located at 110 S. 61st Street, Philadelphia, PA. Compl. (04/08/2013) ¶1. On February 17, 2012, appellees, through their agent, entered into a written lease agreement with Nicole D. Berry (hereinafter "appellant") for the lease of the subject premises. *Id.* at ¶3. The term of the lease was to run from February 1, 2012 until October 31, 2012. *Id.* at ¶4. Under the lease agreement, appellant was to pay eight hundred dollars ($800) per month for rent. *Id.* at ¶6. Appellant remained in the subject property after the expiration of the lease agreement as a holdover month-to-month tenant. Compl. ¶5. Since August 2012, appellant failed to pay rent. *Id.* at ¶7. On November 1, 2012, appellees, through their agent, sent appellant a notice of termination letter

stating that the lease was to terminate on December 1, 2012. *Id.* at ¶11.

In an effort to collect the unpaid rent and eject appellant from the premises, appellees, represented by counsel, filed suit against appellant, proceeding pro se, in Philadelphia County Municipal Court. On February 1, 2013, appellees were awarded three thousand one hundred dollars ($3,100) and possession of the subject property by The Honorable Dawn Segal. Order entered by J. Segal (02/01/2013). In addition, per court order, no lockout could occur before March 1, 2013. *Id.*

On February 8, 2013, appellant appealed Judge Segal's Order to the Philadelphia County Court of Common Pleas. Appeal from Municipal Court (04/08/2013). Also on February 8, 2013, a rule to file complaint was issued against appellees and a case management order was issued calling for a mandatory settlement conference on April 25, 2013. Pursuant to *Philadelphia Civil Rule 1008(d)(2)*, a supersedeas order was entered suspending execution of the Municipal Court judgment pending appeal so long as appellant deposited money into escrow with the prothonotary. Order entered by J. New (02/25/2013). In accordance with the court's order, appellant deposited five hundred and thirty-three dollars ($533) in escrow on February 11, 2013.

Pursuant to the rule issued on February 8, 2013, appellees filed a complaint in Philadelphia County Court of Common Pleas on April 8, 2013. Compl. (04/08/2013). As of the date of the complaint, appellees claimed seven thousand two hundred dollars ($7,200) for rent owed from August 1, 2012 to April 1, 2013 and possession

of the subject property. Compl. ¶8. In accordance with the case management order, both parties attended the settlement conference on April 25, 2013, but no resolution was reached. Docket entry for settlement conference (04/26/2013). On May 6, 2013, appellant filed an answer to the complaint alleging that she withheld rent because of appellees' failure to maintain the subject property in breach of the lease agreement. Answer (05/06/2013).

On May 13, 2013, after hearing a nonjury trial, The Honorable Teresa Carr Deni entered judgment in favor of appellees in the amount of eight thousand five hundred and fifteen dollars ($8,515). Order entered by J. Deni (05/13/2013). Appellees were awarded possession of the premises and the prothonotary was ordered to release the funds held in escrow to appellees. *Id.*

In an effort to enforce Judge Deni's order, on May 22, 2013, appellees filed a praecipe to issue writ of execution against appellant's checking account with Freedom Credit Union. Praecipe to issue writ of execution (05/22/2013). Appellees obtained appellant's checking account information from a bounced check appellant wrote in an attempt to pay rent. N.T. (06/27/2013) at 3-4. Also, on May 22, 2013, appellees filed a praecipe for writ of possession to eject appellant from the property. Praecipe for writ of possession (05/22/2013).

On May 30, 2013, appellant, proceeding pro se, filed a motion to stay execution of the writ of possession. Mot. to stay writ of possession (05/30/2013). Appellant sought to retain possession of the subject premises for at least sixty (60) days or until the Superior Court decided appellant's appeal of Judge Deni's order. *Id.* Appellant

alleged that she recently had undergone multiple surgeries and moving immediately would pose a hardship. *Id.* On May 31, 2013, after a hearing, appellant's motion to stay writ of possession was denied. Order entered by J. Moss (05/31/2013).

On June 10, 2013, appellant, proceeding *pro se*, filed a timely notice of appeal to the Superior Court of Judge Deni's order. Appeal of order of J. Deni (06/10/2013). On August 5, 2013 the Superior Court dismissed the appeal of Judge Deni's order per curiam because appellant failed to file post-trial motions within ten days following the entry of Judge Deni's order as required by the Pennsylvania Rules of Civil Procedure. Order of Superior Court (08/05/2013). Therefore, no issues were preserved for appellate review. *Id.* In an effort to follow the Superior Court's order, on August 19, 2013, Appellant filed a motion for reconsideration before Judge Deni. Mot. for reconsideration (08/19/2013). However, the post trial motion was still untimely and was a nullity. Pa.R.A.P.227.1(c)(2).

While the appeal of Judge Deni's order was pending before the Superior Court, appellant filed a claim for exemption from execution before the instant court. Claim for exemption (06/19/2013). Appellant sought to have child support proceeds deposited in appellant's Freedom Credit Union checking account exempt from seizure to satisfy the judgment. Claim for exemption (06/19/2013). On June 27, 2013, this court denied appellant's claim for exemption. Order entered by J. Tucker (06/27/2013). A discussion ensues:

## III. Discussion

The court properly denied appellant's claim for

exemption because child support proceeds are not specifically exempt from execution on a judgment.

Appellant alleges that child support proceeds are exempt from execution on a judgment. Claim for exemption (06/19/2013) and N.T. (06/27/2013) at 2. However, after careful review, this court finds that appellant's argument is without merit. Child support proceeds are not exempt from execution on a judgment.

In Pennsylvania, all personal property is subject to seizure to satisfy a judgment, unless specifically exempted, ordinarily by statutory enactment. *Gulf Mortgage & Realty Investments v. Alten*, 422 A.2d 1090, 1094 (Pa. Super. 1980). The purpose of the exemptions is to ensure that the judgment debtor and his dependents can afford basic necessities so that they do not become dependent upon charity or the state. *Mayhugh v. Coon*, 460 Pa. 128, 133 (Pa. 1975). Pursuant to 42 Pa. C.S. §8124, only specific types of personal property are exempt from attachment or execution on a judgment. For example, amounts paid under certain retirement accounts, pensions, workmen's compensation, unemployment compensation, life insurance, accident or disability insurance are all exempt from execution to satisfy a judgment. *Id.* Certain goods such as wearing apparel and school books are exempt as well. *Id.* In addition to the specific exemptions in §8124, judgment debtors are entitled to exempt up to three hundred dollars ($300) of personal property from attachment or execution. 42 Pa. C.S. §8123.

Section 8124 is silent with respect to exemption of support proceeds; although the court notes that exempting child support proceeds would comport with the purpose

of the statute. *Mayhugh*, 460 Pa. 128. However, because child support is not specifically listed in §8124, child support proceeds in appellant's checking account are subject to seizure to satisfy the judgment. *Gulf Mortg. & Realty Inv.*, 422 A.2d at 1094; 231 Pa. Code §3123.1 nt. (cross-referencing numerous state and federal statutory exemptions and also silent regarding child support).

It follows that appellant's child support proceeds are subject to attachment or execution because they are her personal property. The child support proceeds are not the property of appellant's children. "In general, the party who has primary custody of the children shall be the obligee of a child support order." 231 Pa. Code §1910.3(b)(1). 23 Pa. C.S. §7101 defines "obligee" as "[a]n individual to whom a duty of support is or is alleged to be owed or in whose favor a support order has been issued or a judgment determining parentage has been rendered."

Here, as the primary custodian of appellant's children, the duty of support is owed to appellant. *Id.* Therefore, child support proceeds paid to appellant are appellant's personal property. Further, appellant stated that the child supports proceeds were deposited into her checking account, which further proves that the money is appellant's personal property. N.T. (06/27/2013) at 5.

Once the child support proceeds are deposited into appellant's checking account, they become commingled with other money that appellant deposits into the same account, losing their separate identity as child support, such as more water into a glass. Any money that appellant deposits into her Freedom Credit Union checking account is subject to garnishment to satisfy the judgment.

## IV. Conclusion

The court properly denied appellant's claim for exemption from execution because child support proceeds are not exempt from seizure to satisfy a judgment. Also, once the child support proceeds were deposited in appellant's checking account, the money was appellant's personal property, not her children's. The court's ruling should stand.